IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINE SUE MCCOY                                                          PLAINTIFF

v.                          CIVIL NO. 12-5061

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current application for DIB on April 1, 2010, alleging an inability to work since February 16, 2008, due to ruptured discs, post traumatic stress disorder (PTSD), and thyroid problems. (Tr. 89, 101). An administrative hearing was held on August 8, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 22-42).

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

AO72A
(Rev. 8/82)

By written decision dated October 26, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status post surgery, depression, and PTSD. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a). She is able to occasionally lift and/or carry ten pounds and frequently lift and/or carry up to ten pounds. She is able to stand and/or walk at least two hours in an eight-hour workday, with normal breaks. She is limited to simple, repetitive tasks and having no more than incidental contact with the public.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a machine operator and a circuit board assembler. (Doc. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 31, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 5,6).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: 1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in the analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of sedentary work; and 4) the ALJ failed to fully and fairly develop the record.

#### A. Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 10). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 12). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

B. **Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The record revealed that during the relevant time period, Plaintiff reported she was able to use a riding lawn mower on flat surfaces, to attend her children's school activities, to drive, to do household chores, to hang wallpaper, to prepare simple meals, to shop, and to take care of her personal needs. (Tr. 120, 174). The medical evidence also revealed that on April 15, 2010, the last time Plaintiff sought medical treatment for her back, Plaintiff had normal range of motion of all extremities and normal musculoskeletal movement with some tenderness. With regard to Plaintiff's mental impairments, the record revealed that Plaintiff responded well to treatment. Based on the record as a whole, the Court finds that the ALJ properly considered and evaluated Plaintiff's subjective complaints; and that there is substantial evidence to support the ALJ's credibility findings.

**C.     The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court further notes that in determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records. The ALJ also discussed the medical opinions of examining and non-examining medical professionals, as well as an "other source" medical opinion, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by

AO72A
(Rev. 8/82)

the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a machine operator and a circuit board assembler. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### E. Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 3rd day of April, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE